## WILLIAM PUSEY'S LESSEE v. ELI TIMMONS.

Court of Common Pleas.   Sussex.   April 27, 1801.

*Rodney's Notes.**

*Rodney, Vining, Wilson* [for plaintiff].   *Bayard, Ridgely* [for defendant].

Warrant and survey and patent under the Land Office Law, [2 Del.Laws] 1161 and 1177.

Objection to the survey going in evidence made for defendant. Court directed to go to the jury.

Jacob Hazzard.   It was the practice of the Board on new warrants to give certificates.

A number of witnesses examined whose evidence was contradictory as to the date of defendant's survey.

PER CURIAM.   If defendant's survey was actually made on the day of the date, and prior to plaintiff's survey, the plaintiff ought not to recover.   The evidence offered to you to impeach said survey you will weigh and determine according to its credibility.

Verdict for plaintiff.

## JOB HARVEY v. ANDREW FISHER.

Court of Common Pleas.   New Castle.   May, 1801.

*Rodney's Notes.*

* This case is also reported in *Wilson's Red Book, 344.*

*Bayard, Finney* [for plaintiff].   *G. Read, Vandyke, Rodney* [for defendant].

Joseph Pritchett.   Mr. Fisher cut most of the valuable timber off this land in Pencander.   If I had the same privilege A. Fisher had, I would have given two hundred dollars *per annum* for it. Above a hundred acres clear land on it in two places—would rent for £20 each with the meadow.   Fisher cut the wood off more than twenty years ago (that I speak of).   I was drove off by Andrew Fisher, etc.

Tobias Pritchett.   330 acres.   Worth $200 *per annum.*

John Lewden, senior.   Was called on the land by the parties to assess the damages and profits.   My opinion was about £1000.

Joseph Israel, esquire.   My opinion the damages etc., amounted to £1000; [there] was a reference.   Part of the land lay waste. Cannot recover for more than six years.   A recovery of damages in Supreme Court.

George Russell.   I became acquainted with the land in 1783. Warnick's Tract forty or fifty acres.   The other field has lain out ever since I knew it.   The meadow of sixteen or seventeen acres is enclosed.

Kershaw.   Clear land has been mostly common since I knew it. Mr. Fisher has been there thirty years, followed Millering.   Cut no timber that I knew.

Thomas Bradley.

Michael Moore lived there in 1778 to 1781.   Paid forty shillings per year to Andrew Fisher for Warnick's Tract.

*Vandyke* for defendant.

*Finney.*   Statute [of] Limitations cannot avail the gentlemen, not having pleaded it.   3 Wils. 121, plaintiff not confined to value of the *mesne* profits only, but may recover for his trouble; four times the value I have known given.   2 Burr. 658, *Askins v. Shuffins.*   Bull.N.P. 86.

*Vandyke* for defendant.   Claim from 1774 to 1790, sixteen years.   We are not bound by law to pay.   They only claim damages since the demise laid in 1774.   1 Del.Laws 524, Act of Limitation a part of the defense, and more than six years cannot be recovered.

*Rodney* for defendant.   The Act is a public law, and the court bound to take notice of it, though not pleaded.   The party in trespass must prove himself in possession, or he cannot support the

action. And also this action for *mesne* profits stands on the same ground. 7 Term 727 (this point is decided, I contend).

*Bayard.* Esp.N.P. 147, 262; Salk. 422; Esp.N.P. 416. Statute [of] Limitations must be pleaded if the defendant relies on it.

*G. Read* for defendant. Every general law court must notice without being pleaded, *ex officio.* Gilb.Evid. 41; Hob. 227; Vaugh. 150; 4 Co. 76 A; Het. 111. I further say that if Limitation cannot be given in evidence without being pleaded, this action is an exception, being similar to ejectment, in which the Act need not be pleaded. As to the other point, I contend the plaintiff, after his judgment in ejectment, should have issued his writ or obtained possession in some other way before he could sustain this action. 5 Bac.Abr. 217, 218, pl. 26, 27, 29, only the person who has the possession in fact can sustain the action of *quare clausum fregit,* and the action for *mesne* profits is similar. 3 Bl.Comm. 305, 306; 12 Mod. 376; 7 Term 354. Any thing that goes to the denial of plaintiff's right of action may be given in evidence on the general issue.

*Bayard* for plaintiff. The point made by the counsel that actual entry was necessary, in support of which they cited 7 Term 727. This case has no application to this question. In the case cited, the judgment of the court was not that the judgment in ejectment was not sufficient to ground the action of *mesne* profits, but to avoid a fine. 1 Burr. 193. [By] the case of *Astin v. Parklin,* 2 Burr. 665, the tenant in possession is concluded by the judgment in ejectment as to possession for *mesne* profits.

PER CURIAM. Statute [of] Limitations should be pleaded. Judgment in ejectment concludes the defendant as to the possession.

Exception to the above two points prayed by defendant's counsel.

Verdict for plaintiff, £199.15.0.

## ELI MENDENHALL v. JACOB BROOM.

Court of Common Pleas. New Castle. May, 1801.

*Rodney's Notes.*